IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| L.J., a minor, individually and by his Parents, V.J. & Z.J.,<br><br>    Plaintiff,<br><br>    v.<br><br>AUDUBON BOARD OF EDUCATION,<br><br>    Defendant. | Civil No. 06-5350 (JBS)<br><br>**OPINION** |

APPEARANCES:

    Jamie Epstein, Esquire
    1101 Route 70 West
    Cherry Hill, NJ  08002
        Attorney for Plaintiffs

    Paul C. Kalac, Esquire
    Parker McCay, P.A.
    1009 Lenox Drive - Suite 102A
    Building 4 East
    Lawrenceville, NJ  08648
        Attorneys for Defendant

**SIMANDLE, District Judge**:

I.  INTRODUCTION

    This matter is before the Court upon a Complaint and First Amended Complaint filed on behalf of a student, L.J., who is enrolled in the Defendant Audubon Board of Education's school district, who alleges the denial of rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq., as well as the Civil Rights Act of 1871 at 42 U.S.C. §

1983.  Plaintiff L. J. received a favorable final decision on October 23, 2006 from Administrative Law Judge (ALJ) Joseph F. Martone in an action brought by Plaintiff on July 10, 2006 with the New Jersey Office of Special Education, Docket No. O.A.L. EDS 06203-2006S [Agency Ref. No. 2007-11386].

Plaintiff has alleged, in a motion for a temporary restraining order and contempt, that Defendant Audubon has failed and refused to comply with the final order, and Plaintiff seeks an order of this Court enforcing the ALJ's order with respect to the Individualized Educational Plan (IEP) and compensatory program required to be implemented therein.

Plaintiff alleges that Audubon has failed to comply with the four requisites ordered by the ALJ's order, namely:

> 1.  The petitioner's request that the previously identified interfering behaviors be adequately addressed by a positive behavioral plan shall be required.  Based on the testimony of Mr. DiNovi, a qualified behavior specialist shall monitor and adjust the plan.
>
> 2.  L.J. shall be provided with the sessions of behavior programming he lost during the 2005-06 school year to be provided by qualified personnel at respondent's expense and this compensatory education be completed within one year.
>
> 3.  At a minimum, the level of ABA-related services of 15 hours per week as established in the 2005-06 IEP shall be strictly complied by the school district.  If any sessions are missed by therapists because of absences or any other reason, they shall be made up on an

>immediate basis by the school district at its own expense.
>
>4. The IEP shall be revised to set forth goals providing clear benchmarks with related instructional materials and methodologies, and the revised IEP shall include provisions for ongoing parental training to generalize interventions and programs.

Z.J. and V.J. v. Audubon Board of Education, OAL Dkt. No. EDS 6203-06 [Agency Dkt. No. 2007-11386], 2006 N. J. Agen. Lexis 8334 at *42-43 (Oct. 23, 2006) (hereafter "ALJ Order").

When this Court entered an Order directing Audubon to show cause why it should not be found in contempt and be ordered to implement the ALJ Order (see Order to Show Cause, filed Dec. 1, 2006), counsel for Audubon responded by objecting to the jurisdiction of this Court in this IDEA enforcement action. The Court heard argument upon the jurisdiction issue on the return date of the Order to Show Cause -- December 18, 2006 -- and reserved decision.[1]

## II.  JURISDICTION

Plaintiff claims jurisdiction to enforce the ALJ Order is conferred by 20 U.S.C. § 1415(i)(2)(A) which states:

---

[1] The Court initially expressed the belief that it has subject matter jurisdiction pursuant to IDEA, 20 U.S.C. § 1414(i)(2), and that the matter might be remanded to the ALJ for clarification of his order. After further research, this Opinion discusses the basis for this Court's jurisdiction and the advisability of remand to the ALJ for clarification.

> Any party aggrieved by the findings and decision made under subsection (f) or (k) of this section who does not have the right to an appeal under subsection (g) of this section, and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

Thus, Plaintiff alleges that he is a "party aggrieved by the findings and decisions made under this subsection." Plaintiff invokes the jurisdictional provision of IDEA in 20 U.S.C. § 1415(i)(3)(A), which states: "The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy." Although not argued by Plaintiff here, the First Amended Complaint also asserts that the claim for enforcement arises under 42 U.S.C. § 1983.

Defendant has argued that the IDEA provision in § 1415(i)(2)(B) does not confer jurisdiction here, because Plaintiff is not a "party aggrieved" by the ALJ's favorable decision. Plaintiff does not appeal or contest the ALJ Order, but rather seeks to enforce it. Defendant claims that Plaintiff's sole

4

remedy lies in an enforcement petition to the Director, Office of Special Education Programs, and not to this Court.[2]

While each side of this argument cited cases for the proposition that § 1415(i)(2)(A) confers or does not confer subject matter jurisdiction to enforce the ALJ's final order, neither side identified the pertinent precedent, Jeremy H. v.

---

[2] Defendant points to the final paragraph of the ALJ Order, which states:

> This decision is final pursuant to 20 U.S.C.A. § 1415(i)(1)(A) and 34 C.F.R. § 300.510 (2006) and is appealable by filing a complaint and bringing a civil action either in the Law Division of the Superior Court of New Jersey or in a district court of the United States.  20 U.S.C.A. § 1415(i)(2); 34 C.F.R. § 300.512 (2006).  If either party feels that this decision is not fully implemented, this concern should be communicated in writing to the Director, Office of Special Education Programs.

ALJ Order, supra, at *43.  The New Jersey Administrative Code, however, indicates that a parent enjoys the option of seeking enforcement in a court of competent jurisdiction or with the state Director of the Office of Special Education Programs, where N.J.A.C. 6A:14-2.7(t) provides in part:  "If either party fails to comply with any provision of a final decision in a due process hearing, either party may seek enforcement of the decision in a court of appropriate jurisdiction.  If the public agency responsible for implementing the IEP fails to implement a hearing decision of the Office of Administrative Law with respect to the student's program or services, a request for enforcement may be made by the parent or the parent's attorney on behalf of the student... in writing to the State Director of the Office of Special Education Programs, Department of Education...."  While the administrative regulation is instructive in anticipating the possibility of court enforcement action, it does not serve to confer, or detract from, federal jurisdiction created by Congress.

Mount Lebanon School Dist., 95 F.3d 272, 278-279 (3d Cir. 1996). The Third Circuit holds in Jeremy H. that jurisdiction to enforce an IDEA administrative order lies under 42 U.S.C. § 1983. Id. at 278. The Third Circuit, noting the split of authority on the question of § 1415(i)(2)(A) jurisdiction, indicated that the question need not be resolved because in any case, § 1983 jurisdiction exists. The Third Circuit wrote:

> Section 1983 provides a civil remedy for acts taken under color of law that deprive "any citizen of the United States or person within the jurisdiction thereof" of "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Not infrequently, section 1983(1) provides redress for violations of federal laws that do not by their own terms create a cause of action, or (2) provides remedies not available directly under those laws.
>
> In the present case, whether or not an IDEA decision of a state hearing officer or appellate body is enforceable under IDEA directly, such a decision would seem to be enforceable under section 1983. The Fourth Circuit found, in Robinson v. Pinderhughes, 810 F.2d 1270 (4th Cir. 1987), that a section 1983 action could be brought to enforce the decision of an IDEA administrative proceeding. We agree with the reasoning of Pinderhughes, and note that the Supreme Court's present methodology for ascertaining whether a section 1983 action is available to redress a violation of federal law produces the same result.

Jeremy H., 95 F.3d at 279 (footnotes omitted).

Other courts within the Third Circuit have, of course, followed Jeremy H., finding jurisdiction in an IDEA enforcement

action under 42 U.S.C. § 1983.  See C.H. v. Jefferson Twp. Board of Education, Civil No. 05-39 (HAA), 2005 U.S. Dist Lexis 35555 (D.N.J., Dec. 20, 2005); see also McClendon v. School District of Philadelphia, Civil No. 04-1250, 2004 U.S. Dist. Lexis 22198 (E.D. Pa., Oct. 29, 2004) (enforcing IDEA administrative settlement agreement, citing Jeremy H. and D.R. by M.R. v. East Brunswick Bd. of Educ., 109 F.3d 896, 898 (3d Cir. 1997)).

Accordingly, this Court finds it has jurisdiction to enforce the ALJ Order under 42 U.S.C. § 1983, and that the remedies available under § 1983 for injunctive and declaratory relief are available here.[3]

### III.  WHETHER REMAND IS APPROPRIATE

In an IDEA case of review of a final administrative order, a remand to the ALJ for clarification is permitted when appropriate.  Carlisle Area School v. Scott P., 62 F.3d 520, 526 (3d Cir. 1995).  While a remand to a hearing officer by an administrative appellate official is prohibited, Muth v. Central Buck School Dist., 839 F.2d 113, 124-26 (3d Cir. 1988), rev'd on

---

[3] This Cout need not determine the issue, but is doubtful that 20 U.S.C. § 1415(i)(2)(A) confers jurisdiction, because the Plaintiff is not aggrieved by the findings and decision of the ALJ, for reasons stated by the Fourth Circuit in Robinson v. Pinderhughes, supra, as well as McAdams v. Board of Educ. of Rocky Point Union Free Sch. Dist., 216 F. Supp.2d 86 (E.D.N.Y. 2002); Moubry by Moubry v. Indep. Sch. Dist. No. 696 ( Ely), 951 F. Supp. 867 (D. Minn. 1996); Grace B. v. Lexington Sc. Comm., 762 F. Supp. 416 (D. Mass. 1991), among others.

other grounds, 491 U.S. 223 (1989), no such prohibition applies to a remand by a federal judge seeking clarification.  <u>Carlisle Area</u>, 62 F.3d at 526.

In the present case, Defendant Audubon has argued that the ALJ Order is not sufficiently clear to understand or implement as it uses terms that are not self-defining and refers to witness testimony.  At the hearing, this Court raised the question whether remand for clarification might be appropriate.  While welcoming a remand for clarification, counsel for Audubon also revealed that Audubon had already sought clarification from the ALJ which had been declined, there being no provision for reconsideration of such final orders in the administrative code.

Upon further reflection, this Court is not inclined to remand for clarification of this Order.  Its provisions are capable of interpretation and application in light of the administrative record, and it is the Court's duty to examine the decidual portions of the ALJ Order in light of the other findings made in the lengthy opinion of the ALJ.  The time-consuming and burdensome procedure of remand may not be necessary here.  Only as a last resort should it be necessary to require the ALJ to elaborate upon and clarify his decision.

This Court will instead place the burden upon Plaintiff, in the first instance, to develop the record in this Court so that a

clear command of the ALJ Order emerges.[4]  Obviously, only a willful violation of a clear order would justify a contempt finding, while enforcement may be ordered upon a lower standard of proof and clarity.  The schedule for supplemental submissions and reconvening the enforcement hearing before the undersigned is set in the accompanying Order.

**December 22, 2006**                   **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        U.S. District Judge

---

[4] Plaintiff's counsel is called upon to supplement his submissions in support of his pending motion, such as excerpts of testimony and references to aspects of the opinion shedding light upon the decidual requirements.  Plaintiff also has the burden to demonstrate with greater precision exactly what Audubon has done that fails to comply with the ALJ Order.  Defendant will then have the opportunity to submit rebuttal affidavits and counter-designations of the administrative record demonstrating its compliance with the ALJ's mandates.  If the parties have not, by that time, resolved their differences, the hearing for enforcement by TRO and contempt will be reconvened.