[relates to Docket Item No. 22]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

L.J., a minor, individually
and by his Parents, V.J. &
Z.J.,
              Plaintiffs,
    v.

AUDUBON BOARD OF EDUCATION,

              Defendant.

HON. JEROME B. SIMANDLE

Civil Action
Nos 06-5350

**MEMORANDUM OPINION**

This matter having come before the Court upon the motion of defendant Audubon Board of Education ("Defendant") to (1) vacate default that was entered at the request of plaintiffs L.J., a minor, individually and by his parents, V.J. and Z.J. ("Plaintiff") and (2) for leave to file an amended answer [Docket Item No. 22]; and the Court having received opposition to such motion from Plaintiff; and the Court having considered the parties' submissions;

**THE COURT FINDS as follows:**

1.  This matter arises from a special education dispute that was initiated by V.J. and Z.J., the parents of special education student L.J., against Defendant, Audubon Board of Education.  After Plaintiff's parents filed a request for a due process hearing the matter was transmitted to the Office of Administrative Law and assigned to the Honorable Joseph F. Martone, Administrative Law Judge ("Judge Martone") for a

hearing.    After several days of hearings and post-hearing
briefs, Judge Martone issued his final decision in the matter in
favor of Plaintiff in October of 2006.

2.   On November 8, 2006, Plaintiff filed a complaint (the
"Complaint") against Defendant seeking attorney's fees as the
prevailing party at the administrative level under 20 C.F.R. §
1415(i)(3)(B).  [Docket Item No. 1.]  On November 13, 2006,
Plaintiff returned the summons, having been served by counsel for
Plaintiff (Jamie Epstein, Esq.) on a Ms. Debbie Horan, an
accounting clerk working for the Audubon Board of Education.
[Docket Item No. 3.]  On November 17, 2006, Plaintiff filed an
amended complaint against Defendant. [Docket Item No. 4.] Because
Defendant failed to timely file an answer, Plaintiff filed a
request for default on December 7, 2006 [Docket Item No. 9] and
the Clerk of the Court entered default on December 8, 2006.

3.   According to Defendant, counsel for Defendant (Paul
Kalac, Esq.) was informed by Bob Delongowski (Defendant's
Business Administrator/Board Secretary) that Delongowski had
received email correspondence from Mr. Epstein regarding Mr.
Epstein's request for attorney's fees in the underlying special
education litigation before the Administrative Law Judge.
(Affidavit of Paul C. Kalac, Esq. ¶ 8.)  According to his
affidavit, Defendant's counsel was not aware that the Complaint
had been served on Defendant nor did counsel receive any e-mail

2

filing from the U.S. District Court referencing the filing of the Complaint by Plaintiff. (Id. ¶ 9, 10.)  Instead, counsel for Defendant claims to have learned about the Complaint on December 8, 2006 when a "secretary from [counsel's] office, Donna Caloiaro, inquired as to whether [counsel] was aware of an entry of default in this matter." (Id. ¶ 11.)  After learning that an Answer was due on December 4, 2006 and that default had been entered against Defendant on December 7, 2006, Defendant filed an Answer on Monday, December 11, 2006.  (Id. ¶ 12.)  The Answer did not contain a counterclaim.  (Id.)

4.  On December 1, 2006, Plaintiff filed an order to show cause seeking enforcement of Judge Martone's October 2006 Order. [Docket Item No. 5.]  Defendant's counsel claimed that he first learned that the Defendant was served by hand delivering the Complaint to Debbie Horan, an accounting clerk at Defendant's district high school at the settlement conference prior to the order to show cause hearing before this Court on December 18, 2006.  (Id. at ¶ 16.)

5.  On January 22, 2007, Defendant filed this motion seeking (1) to vacate default and (2) for leave to file an amended answer to insert a counterclaim that this Court should remand the matter back to Judge Martone for further administrative proceedings. Long after opposition was due, Plaintiff filed opposition to Defendant's motion, to which Plaintiff replied.  The Court has

considered all of the parties submission (even Plaintiff's
untimely filed opposition [Docket Item No. 24]) and did not hear
oral argument on the motion.  See Fed. R. Civ. P. 78.

6.  The Court will first address Defendant's motion to
vacate default.  A motion to vacate default is governed by Rule
55 of the Federal Rules of Civil Procedure.  Under Fed. R. Civ.
P. 55(c), "[f]or good cause shown the court may set aside an
entry of default . . . ."    The standard for "good cause" is
similar to the standard for setting aside a default judgment
under Fed. R. Civ. P. 60(b).  Gold Kist, Inc. v. Laurinburg Oil
Co., 756 F.2d 14, 19 (3d Cir. 1985).  As the Third Circuit has
explained,

> Although this Court has adopted a policy disfavoring
> default judgments and encouraging decisions on the
> merits, Tozer v. Charles A. Krause Milling Co., 189
> F.2d 242, 245 (3d Cir. 1951), the decision to vacate a
> default judgment is left to the sound discretion of the
> trial court. In exercising this discretion, however,
> the court must consider [1] whether vacating the
> default judgment will visit prejudice on the plaintiff,
> [2] whether the defendant has a meritorious defense,
> and [3] whether the default was the result of the
> defendant's culpable conduct. United States v. $
> 55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.
> 1984).

Harad v. Aetna Cas. & Surety Co., 839 F.2d 979, 982 (3d Cir.
1988); Jimenez v. Marnell, No. 06-2676, 2006 U.S. Dist. LEXIS
82860, *5 (D.N.J. Nov. 13, 2006.)  Because Defendant has shown
good cause for setting aside default, Defendant's motion will be
granted.

4

7.   In determining whether good cause exists to set aside default, the threshold issue is whether a meritorious defense has been asserted.  See Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).  Although the defendant need not prove its "meritorious defense" at this stage, "a defendant seeking to set aside a default judgment [must] set forth with some specificity the grounds for his defense . . . [and] the court must then evaluate that defense to determine whether it is meritorious."  Harad, 839 F.2d at 982.  In support of its motion to vacate entry of default, Defendant argues that it seeks leave to amend its Answer asking this Court to overturn the Judge Martone's October 2006 decision, which forms the basis for Plaintiff's attorney's fee application and Plaintiff's motion for an order to show cause.  Defendant argues that Judge Martone acted inappropriately when he refused to allow Defendant to present any evidence or testimony due to Defendant's failure to give the Court five days' notice of what was to be presented as required.  (Def.'s Br. at 4.)  Here, the Court finds that Defendant has put forth, with sufficient specificity, the grounds for a meritorious defense. If the Court were to conclude that the facts alleged by Defendants are true -- i.e., that Judge Martone's failure to allow Defendant to present evidence and witnesses was unreasonable and prejudicial -- the Court would remand the matter to the administrative law judge to conduct a new hearing where

Defendant will be allowed to present its case.  Thus, Defendant has set forth enough of the grounds for its defense for this Court to determine that, if believed, Defendant's defense may be meritorious.  See Harad, 839 F.2d at 982.

    8.  The Court must also determine whether the default was the result of Defendant's culpable conduct.  To make this determination, "the Court must look at whether the defendant acted with 'willfulness' or 'bad faith' by failing to respond to the Complaint."  Jimenez, 2006 U.S. Dist. LEXIS 82860 at *10 (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)).  "Conduct beyond mere negligence is required."  Id. Here, Mr. Kalac's affidavit sets forth a series of events that lead to Defendant's counsel learning that Plaintiff filed the Complaint, including service on Ms. Horan by Mr. Epstein and Defendant's response by filing a late Answer.  At worst, the actions of Defendant in failing to ensure that Defendant's counsel was notified of service of the Complaint are negligent. The actions, however, cannot reasonably be perceived as willful or done in bad faith.  As Defendant points out, service of process by email is not approved under Fed. R. Civ. P. 4(j)(2) as to service on local governments and New Jersey Court Rules require personal service on the presiding officer of clerk.  N.J. Court Rules R. 4:4-4(a)(8).[1]  Consequently, the Court concludes

---

    [1]  Fed. R. Civ. P. 4(j)(2) states, in pertinent part that:

that allowing an entry of default to remain at this early state of litigation would produce an unfair result, particularly in light of the fact that Defendant may not have been properly served in the first place.  <u>See</u> <u>Jimenez</u>, 2006 U.S. Dist. LEXIS 82860 at *11.

9.   Finally, in determining whether to set aside an entry of default, the Court must determine whether a plaintiff will be prejudiced.  Here, the facts presented in Mr. Kalac's affidavit weigh strongly in favor of this Court concluding that Plaintiff will not be prejudiced by setting aside entry of default as only a few days passed between the time Defendant's Answer was due and the time Defendant filed its Answer.  Indeed, Defendant's Answer was due on December 4, 2006 and Defendant filed an Answer on Monday, December 11, 2006.  (Kalac Aff. ¶ 12.)  The Court would

---

Service upon a state, municipal corporation or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer of by serving the summons and complaint in the manner prescribed by law of that state for the service of summons or other like process upon any defendant.

Fed. R. Civ. P. 4(j)(2).  In addition, New Jersey Court Rule 4:4-4, relating to service upon a public body other than the State of New Jersey shall be:

[B]y serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on the presiding officer or on the clerk or secretary thereof.

N.J. Court Rules R. 4:4-4(8).

be hard pressed to conclude that Plaintiff was prejudiced by a
delay of approximately one week.

   10.  In looking at the totality of the circumstances,
allowing default to remain would be unfair in light of
Defendant's meritorious defense and because Defendant's one-week
delay in answering the Complaint was not a result of Defendant's
culpable conduct.  Moreover, vacating default at this stage in
the litigation would not prejudice Plaintiff.  Consequently, the
Court will vacate default.

   11.  Having set aside default, the Court next addresses
Plaintiff's motion for leave to file an Amended Answer to include
a counterclaim.  According to Defendant's proposed Amended
Answer, Defendant claims that Judge Martone's final
administrative decision was arbitrary and capricious in that
Judge Martone "barred production of evidence and presentation of
witnesses by the Board at the due process hearing which preceded
the issuing of [Judge Martone's decision] as a sanction for
failure to provide a list of witnesses/evidence five days before
the hearing, even though counsel for plaintiffs did not enter an
appearance until no earlier than the day before the hearing
started."  (See Affidavit of James F. Schwerin ¶ 3, Ex. B.)
Specifically, in its counterclaim, Defendant seeks reversal of
Judge Martone's final administrative decision and remand of the

matter for further proceedings before Judge Martone at which time
Defendant may present witnesses and evidence.  (Id.)

12.  Amendment of pleadings is governed by Rule 15(a), Fed.
R. Civ. P.[2]  Leave to amend pursuant to Rule 15(a), Fed. R. Civ.
P. should be freely granted.  See Foman v. Davis, 371 U.S. 178
(1962); see also Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir.
1984).  Such liberality in allowing amendments under Rule 15
ensures that claims will be decided on the merits rather than on
technicalities.  See Dole v. Arco Chem. Co., 921 F.2d 484, 487
(3d Cir. 1990).  Such a liberal amendment philosophy limits the
district court's discretion to deny leave to amend, see Adams,
739 F.2d at 864, and indeed, leave to amend should only be denied
if (A) a plaintiff's delay in seeking amendment is undue,
motivated by bad faith, or prejudicial to the defendant or (B)
the amendment would be futile.  See Foman, 371 U.S. at 182; see
also Fed. Deposit Insur. Corp. v. Bathgate, 27 F.3d 850, 874 (3d
Cir. 1994); Massarsky v. General Motors Corp., 706 F.2d 111, 125
(3d Cir. 1983).

13.  In its brief in support of its motion for leave to file
an Amended Answer, Defendant simply argues that there is no
delay, no basis for saying the amendment would be futile and no

---

[2]  Rule 15(a) states, in pertinent part: "a party may amend
the party's pleading only by leave of court or by written consent
of the adverse party; and leave to amend shall be freely given
when justice so requires."  Fed. R. Civ. P. 15(a).

prejudice to Plaintiff.  (Def.'s Br. at 7.)  Plaintiff has failed
to address these arguments in its opposition.

    14.  As discussed above, the first prong of the test for
whether this Court should deny a motion to amend is whether the
delay in seeking amendment is undue, motivated by bad faith, or
prejudicial to the adverse party.  In analyzing whether
Defendant's delay in seeking amendment is undue or motivated by
bad faith, a court must focus on the actions of the defendant but
when determining whether Defendant's delay in seeking to amend
was prejudicial to the plaintiff, the court must focus on the
impact of a defendant's action on a defendant.  See Adams, 739
F.2d at 869.  First, the Court finds that Defendant's delay in
seeking the amend its Answer (which was only slightly more than
one month, as Defendant filed this motion on January 22, 2007
after filing its original Answer on December 12, 2006) was not
undue or motivated by bad faith.  As the affidavit of Mr. Kalac
states (and Plaintiff has not refuted), Defendant's failure to
include a counterclaim was due to Defendant's haste in filing an
Answer that was out of time when counsel learned that a Complaint
had been filed.  (Kalac Aff. ¶ 13.)  Moreover, Plaintiff presents
no evidence that Plaintiff would be prejudiced by the slight
delay in Defendant filing its Amended Answer.

    15.  Next, the Court must analyze whether Defendant's
amendment to add a counterclaim would be futile.  Plaintiff

presents no evidence or argument that Defendant's counterclaim would be futile.  To the contrary, this Court concludes that, if Defendant's claim that Judge Martone's final administrative decision was arbitrary and capricious resulting in the administrative law judge barring production of evidence and presentation of witnesses by the Defendant at the due process hearing appears, at least on its face, to have merit.  Certainly, granting the counterclaim would result in the relief Defendant seeks -- reversal of Judge Martone's final administrative decision and remand of the matter for further proceedings at which time Defendant may present witnesses and evidence.

### CONCLUSION

For the reasons expressed in this Memorandum Opinion, the Court (1) finding good cause to set aside Clerk's entry of default against Defendant, will grant Defendant's motion to vacate default and (2) will grant Defendant's motion for leave to file an Amended Answer consistent with the proposed Amended Answer included with Defendant's motion for leave to amend. (Affidavit of James F. Schwerin ¶ 3, Ex. B.)  Upon Defendant's filing of its Amended Answer, and the Court's consideration of

both Plaintiff's claim and Defendant's counterclaim, the Court
will issue its decision on Plaintiff's Order to Show Cause.
[Docket Item No. 5].  The accompanying Order will be entered.


**August 22, 2007**                    **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       U.S. District Court

12