IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| L.J., a minor, individually and by his Parents, V.J. & Z.J., | : | HON. JEROME B. SIMANDLE |
| | : | Civil No. 06-5350 (JBS) |
| Plaintiffs, | : | |
| v. | : | **OPINION** |
| AUDUBON BOARD OF EDUCATION, | : | |
| Defendant. | : | |

APPEARANCES:

Jamie Epstein, Esq.
1101 Route 70 West
Cherry Hill, NJ 08002
    Attorney for Plaintiffs

James Schwerin, Esq.
Paul C. Kalac, Esq.
Frank P. Cavallo, Jr., Esq.
PARKER MCCAY, P.A.
1009 Lenox Drive
Suite 102A
Lawrenceville, NJ 08648
    Attorneys for Defendant

**SIMANDLE**, District Judge:

This dispute arises out of Plaintiff L.J.'s allegations that Defendant Audubon Board of Education ("Audubon") failed to provide him a free and appropriate public education in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq.  Plaintiffs received a favorable final determination on their IDEA claim in an administrative proceeding held before Administrative Law Judge Joseph F. Martone ("ALJ

Martone"), to whom the matter was assigned by the New Jersey Office of Special Education ("NJOSE"), and filed suit before this Court seeking an award of attorney's fees and an order from this Court enjoining Audubon to comply with the terms of ALJ Martone's order.

Presently before the Court is Defendant's motion for summary judgment as to its counterclaim against Plaintiffs [Docket Item 64], in which it seeks to remand this matter to the ALJ for a reevaluation of the adequacy of L.J.'s individualized education program ("IEP") for the 2005-2006 school year.  For the reasons explained below, Defendant's motion will be denied.

## I.   BACKGROUND

### A.   Administrative Hearings and ALJ Martone's Ruling

The facts surrounding L.J.'s educational needs and the education he received in the Audubon School District were set forth in detail in the Court's November 5, 2007 Opinion, see L.J. ex rel. V.J. v. Audubon Bd. of Educ., No. 06-5350, 2007 WL 3252240 (D.N.J. Nov. 5, 2007), and are summarized herein only insofar as they are relevant to the narrow issue raised in Defendant's motion.

L.J., a student in the Audubon School System, has received special education and related services since he was diagnosed with autism.  Id. at *1.  On July 10, 2006, L.J.'s parents, V.J. and Z.J., filed a due process petition pursuant to 20 U.S.C. §

2

1415(f) with the NJOSE on behalf of their son, alleging that
L.J.'s IEP for the 2005-2006 school year failed to address L.J.'s
educational needs.  (Am. Compl. ¶ 8.)  The petition identified
various shortcomings in L.J.'s IEP, including the IEP's failure
to provide an effective behavior intervention plan to address the
behaviors that were interfering with L.J.'s ability to learn; the
absence of clear benchmarks, communication methodologies, and
parental training strategies in the IEP; and Defendant's failure
to employ qualified staff to provide L.J. with particular
educational services.  (Id.)  Plaintiffs' due process petition
was assigned to ALJ Martone.  (Schwerin Aff. ¶ 3.)

ALJ Martone set a schedule for argument on Plaintiffs' due
process petition, scheduling hearings for August 18 and 29, 2006.
See Z.J. v. Audubon Bd. of Educ., No. 2007-11386, 2006 WL
3075735, at *1 (N.J. Adm. Oct. 23, 2006).  At the second of these
hearings, on August 29, 2006, counsel for Plaintiffs

> raised an evidentiary objection to certain documents
> offered for identification by [Audubon] on the basis that
> [Audubon] had not provided any discovery pursuant to the
> requirements of N.J.A.C. 1:6A-10.1(a) and (b).  Attorney
> for [Audubon] did not dispute this, representing that he
> had made an unsuccessful attempt to provide discovery to
> the [Plaintiffs] but he acknowledged that such discovery
> had not been provided.

Id.  Pursuant to N.J.A.C. 1:6A-10.1(c), which provides in
relevant part that "[u]pon application of a party, the judge
shall exclude any evidence at [a] hearing that has not been
disclosed to that party at least five business days before the

hearing," Plaintiffs moved to exclude from the administrative proceedings the evidence that Audubon conceded it had failed to disclose.

The ALJ addressed Plaintiffs' motion in an "order excluding evidence pursuant to N.J.A.C 1:6A-10.1." Z.J. v. Audubon Bd. of Educ., No. 2007-11386, 2006 WL 3075736, at *1 (N.J. Adm. Oct. 23, 2006) (capitalization omitted). ALJ Martone first noted that there existed an array of reasons why the so-called "five-day rule" was employed infrequently in IDEA practice before the Office of Administrative Law:

> Attorneys or pro se parties may not be aware of the rule, or may be reluctant to seek the exclusion of evidence because of the concern that the rule may be used against them in a future case. Other reasons may include the concern that a decision not based upon all available evidence may be subject to attack because it is not based on the merits. Also, if evidence is excluded, the adverse party may make a subsequent due process hearing request on the basis that there has been a change in circumstances requiring a new hearing.

Id. at *2.

The ALJ found, however, that the lone exception contained within N.J.A.C 1:6A-10.1(c) – for cases in which "the evidence could not reasonably have been disclosed [five days before the hearing]" – was inapplicable to the proceedings before him, noting that "[t]here [was] no information in the record . . . to support that determination in this matter." Z.J., 2006 WL 3075736, at *1. In light of Audubon's acknowledged failure to disclose evidence that was available for disclosure in accordance

4

with the five-day rule, the ALJ excluded

> any evidence that has not been[] disclosed by [Audubon]
> to the [Plaintiffs] at least five business days before
> the hearing, unless I determine that the evidence could
> not reasonably have been disclosed within that time.
> However, I also ORDER and DETERMINE that any evidence
> that has been disclosed by [Audubon] to [Plaintiffs] at
> least five business days before the hearing, is not
> subject to exclusion.

Id. at *3.

After the August 18 and 29, 2006 hearings, and upon
consideration of L.J.'s IEPs and the testimony of two witnesses
for Plaintiffs, ALJ Martone determined in a decision issued on
October 23, 2006 that L.J.'s 2005-2006 IEP failed to provide him
with an appropriate education under the IDEA, and issued a four-
part order calling upon Audubon to redress the failings in L.J.'s
educational program.  Z.J., 2006 WL 3075735, at *42-43.  ALJ
Martone designated his decision as final pursuant to 20 U.S.C. §
1415(i)(1)(A) and 34 C.F.R. § 300.510.  Id. at *43.

**B.    Proceedings Before this Court**

Plaintiffs filed the Complaint in this action, seeking an
award of attorney's fees for their success at the administrative
level [Docket Item 1].  After Defendant failed to timely plead or
otherwise defend, the Clerk of the Court entered default against
Defendant upon Plaintiffs' request [Docket Item 9], which the
Court set aside in its August 22, 2007 Memorandum Opinion and
Order [Docket Items 26 and 27].  In its Amended Answer, Defendant
asserted a counterclaim against Plaintiffs, alleging that the

matter should be remanded to the ALJ because the exclusion of Defendant's non-disclosed evidence was arbitrary and capricious.

Shortly after filing the Complaint, Plaintiffs moved for a preliminary injunction, arguing that Defendant had failed to comply with the ALJ's October 23, 2006 order and seeking a court order requiring Defendant to comply with the ALJ's order. Defendant opposed Plaintiffs' motion, arguing that this Court lacked jurisdiction to enforce the ALJ's order.  In its December 22, 2006 Opinion and Order [Docket Items 15 and 16], the Court addressed and rejected Defendant's jurisdictional objections, holding that, under Jeremy H. v. Mount Lebanon School Dist., 95 F.3d 272, 278-279 (3d Cir. 1996), jurisdiction to enforce an IDEA administrative order lies under 42 U.S.C. § 1983.  In a subsequent Opinion and Order [Docket Items 41 and 42], the Court granted in part Plaintiffs' motion for a preliminary injunction, finding that Audubon had failed to comply with specific portions of the ALJ's order and requiring that Audubon bring itself into compliance with ALJ Martone's directives.[1]

On September 11, 2007, Defendant moved for summary judgment

---

[1]  After Defendant persisted in failing to comply with some of these requirements, the Court, upon a motion by Plaintiffs, adjudged Defendant to be in civil contempt, ordered Defendant to cease its noncompliance, and further ordered that a fine be imposed upon Defendant for each day of future noncompliance after affording the parties a reasonable period to arrange a schedule for Audubon to provide L.J. with the educational services in question [Docket Items 65 and 66].

as to its counterclaim against Plaintiffs.  In a Letter Order
dated October 16, 2007 [Docket Item 39], the Court observed that
Defendant had failed to submit the record of the administrative
proceedings with its motion, as 20 U.S.C. § 1415(i)(2)(C)(i)[2]
requires.  Because the Court was unable to address the merits of
Defendant's motion in the absence of the administrative record,
see id., it dismissed the motion without prejudice to renewal
upon Defendant's filing the administrative record with the Court
within twenty days.

Forty-two days after the entry of the October 16, 2007
Order, on November 27, 2007, Defendant filed part, but not all,
of the administrative record with the Court.  On February 20,
2008, Defendant renewed its motion for summary judgment on its
counterclaim [Docket Item 64], which Plaintiffs again opposed on
§ 1415(i)(2)(C)(i) grounds, noting that Defendant had still
failed to file with the Court the complete record of the
administrative proceedings.  Defendant objected to Plaintiffs'
opposition in a letter dated March 18, 2008, complaining that
Plaintiffs had employed a "hyper-technical reading of the
requirement of filing the administrative record" [Docket Item
76], but, finally, on April 2, 2008, Defendant filed the complete
record of the administrative proceedings with the Court.  The

---

[2]  20 U.S.C. § 1415(i)(2)(C)(i) provides that in an action
brought pursuant to § 1415(i)(2), the aggrieved party must file
with the Court "the records of the administrative proceedings."

7

Court set a briefing schedule as to Defendant's then-ripe motion for summary judgment, to the merits of which the Court now turns.

## II.  DISCUSSION

### A.  Standard of Review

The standard of review under which this Court considers an appeal of a state administrative decision under the IDEA "differs from that governing the typical review of summary judgment." Heather S. by Kathy S. v. State of Wisconsin, 125 F.3d 1045, 1052 (7th Cir. 1997).  Section 1415(i)(2)(C) of the IDEA provides that in such appeals, the district court "shall receive the records of the administrative proceedings . . . [and,] basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  The Supreme Court has required that federal district courts afford "due weight" to state administrative proceedings in evaluating claims under the IDEA.  See Board of Education v. Rowley, 458 U.S. 176, 206 (1982).  The Third Circuit has held that district courts have discretion to determine how much deference to accord the administrative proceedings, and although the district courts "must consider the administrative findings of fact, they are free to accept or reject them."  Oberti v. Board of Educ., 995 F.2d 1204, 1219 (3d Cir. 1993).[3]  "Although the court gives due

_____

[3]  "But if the district court chooses to depart from the agency's ruling, it should provide some explanation for its departure."  Carlisle Area Sch. v. Scott P. By and Through Bess

weight to the ALJ's factual findings, the court reviews the ALJ's legal determinations de novo."  <u>K.H. o/b/o B.Y. v. North Hunterdon-Voorhees Regional High School</u>, No. 05-4925, 2006 WL 2331106, at *3 (D.N.J. Aug. 10, 2006) (citing <u>Muller v. Comm. on Special Educ.</u>, 145 F.3d 95, 102 (2d Cir. 1998)).

**B.  Analysis**

The issue raised in Defendant's motion is a narrow one: Defendant argues that the ALJ's exclusion of its evidence in accordance with N.J.A.C 1:6A-10.1(c) was a "hyper[-]technical" application of the five-day rule, (Schwerin Aff. ¶ 5), which warrants an order from this Court remanding the matter back to the ALJ for a reevaluation of the appropriateness of L.J.'s 2005-2006 IEP.  While it concedes that the evidence it sought to introduce "was not provided to the Parents before the commencement of the hearing on August 18, 2006," (<u>id.</u> at ¶ 4), and that N.J.A.C 1:6A-10.1(c) provides that "[u]pon application of a party, the judge shall exclude any evidence at [a] hearing that has not been disclosed to that party at least five business days before the hearing," Defendant argues that the ALJ's decision in this case ran contrary to the "spirit of the legislative act," <u>Wright v. Vogt</u>, 7 N.J. 1, 6 (1951), and should be revisited upon remand.  More specifically, Defendant argues

---

P., 62 F.3d 520, 527 (3d Cir. 1995), <u>cert.</u> <u>denied</u>, 517 U.S. 1135 (1996) (citation omitted).

that the exclusive purpose of the five-day rule is "to prevent surprise witnesses from being brought in at the last moment," (Def.'s Br. at 5), and because Plaintiffs did not establish that they would have been surprised by the introduction of the evidence in question, the application of the rule in this case served the letter, but not the spirit, of the five-day rule.

For the reasons now explained, the Court will deny Defendant's motion.  New Jersey's five-day rule in IDEA proceedings before the Office of Administrative Law, N.J.A.C 1:6A-10.1(c), implements and is consistent with federal regulations promulgated by the Department of Education ("DOE") entitled "[p]arent rights in administrative proceedings."  34 C.F.R. § 303.422.  The DOE regulations provide in relevant part that "[a]ny parent involved in an administrative proceeding has the right to . . . [p]rohibit the introduction of any evidence at the proceeding that has not been disclosed to the parent at least five days before the proceeding."  34 C.F.R. § 303.422(b)(3).

The Court agrees with Defendant to the extent that one of the most obvious purposes of the five-day rule under New Jersey and federal law is to prevent parents from having to defend against undisclosed evidence produced at the last minute in administrative proceedings.  See Schoenbach v. District of Columbia, No. 05-1591, 2006 WL 1663426, at *6 (D.D.C. June 12, 2006).  However, the Court is not persuaded that this is the only

10

purpose of the rule and that the ALJ's application of N.J.A.C
1:6A-10.1(c) in this case ran so contrary to the rule's purpose
to warrant remanding this matter for continued proceedings on the
appropriateness of L.J.'s IEP for the 2005-2006 academic year.
Another purpose of the IDEA that is served by the five-day rule
is "the IDEA's goal of prompt resolution of disputes [as to the]
proper [education] of the [disabled] child."  Dell v. Board of
Educ., Tp. High School Dist. 113, 32 F.3d 1053, 1061 (7th Cir.
1994) (also noting that "the IDEA's policies encourage the
prompt, rather than protracted, resolution of disputes concerning
the disabled student's education").  As courts have repeatedly
recognized, the centrality of this purpose to the IDEA is evident
in the Act's legislative history:

> Senator Williams, its principal author, stated in final
> Senate debate that:
>
> I cannot emphasize enough that delay in resolving matters
> regarding the education program of a handicapped child is
> extremely detrimental to his development.  The
> interruption or lack of the required special education
> and related services can result in a substantial setback
> to the child's development.  Thus, in view of the urgent
> need for prompt resolution of questions involving the
> education of handicapped children it is expected that all
> hearings and reviews conducted pursuant to these
> provisions will be commenced and disposed of as quickly
> as practicable consistent with a fair consideration of
> the issues involved.

Spiegler v. District of Columbia, 866 F.2d 461, 467 (D.C. Cir.
1989) (quoting 121 Cong. Rec. 37,416 (1975)) (emphasis omitted).

The five-day rule furthers the goal of "prompt resolution of

11

questions involving the education of handicapped children," id., by providing unambiguous requirements and strong incentives for pre-hearing disclosures.  See Pachl ex rel. Pachl v. School Bd. of Independent School Dist. No. 11, No. 02-4065, 2005 WL 428587, at *18 (D. Minn. Feb. 23, 2005).  That is, the rule puts parties to IDEA administrative proceedings on notice as to precisely what must be disclosed ("any evidence at [a] hearing") and when ("at least five business days before the hearing"), and reduces the likelihood that a hearing would have to be delayed or adjourned on account of disputes or confusion over a party's disclosure obligations.  N.J.A.C 1:6A-10.1(c).  Notwithstanding Defendant's complaint about the ALJ's "hyper[-]technical" application of the five-day rule in this case, then, (Schwerin Aff. ¶ 5), it is precisely the categorical, unambiguous nature of the rule that serves "the IDEA's goal of prompt resolution of disputes . . . . concerning the disabled student's education."[4]  Dell, 32 F.3d at

---

[4]  It must be noted that the timing of Defendant's motion for remand in this case is profoundly at odds with the IDEA's goal of "encourag[ing] the prompt, rather than protracted, resolution of disputes concerning the disabled student's education."  Dell, 32 F.3d at 1061.  The matter which Defendant seeks to reargue before the ALJ is the appropriateness of L.J.'s IEP for the 2005-2006 academic year.  Although the ALJ rendered his decision in October 2006 and this lawsuit was commenced shortly thereafter, it was not until April 2008 – nearly eighteen months after the ALJ issued his decision – that Defendant was able to navigate the once-again "hyper-technical" requirements of 20 U.S.C. § 1415(i)(2)(C)(i) in order to file an appropriate motion for summary judgment on its counterclaim.  (Docket Item 76.)  The notion of remanding this matter on account of the ALJ's straightforward application of an unambiguous rule in order to

1061.

In light of the five-day rule's "plain language," courts
faced with challenges to decisions by ALJs excluding evidence
under the rule have consistently upheld the ALJ determinations.
Pachl, 2005 WL 428587, at *18 (noting that the "plain language of
[34 C.F.R. § 303.422(b)(3)] provides a party the right to exclude
evidence not disclosed to a party at least five business days
before the hearing.  This right is not curtailed in the event of
a continuance") (citations omitted); see also Schoenbach, 2006 WL
1663426, at *6; cf. J.T. ex rel. A.T. v. Medford Bd. of Educ.,
118 Fed. Appx. 605, 607 (3d Cir. 2004) ("there is no basis to
reverse the decision of [the] ALJ . . . It should be noted that
Appellants' counsel has never explained his reasons for not
complying with Appellees' request to identify witnesses to be
called at the . . . hearing").[5]  The Court does not find that a
different outcome is warranted here,[6] and will accordingly deny

---

reconsider the adequacy of a three-year-old IEP is particularly
inappropriate in light of the IDEA's emphasis on prompt dispute
resolution.  In any case, as the Court has explained, supra, such
a remand is not called for in this case.

[5] There is no suggestion in the record that the five-day
rule's lone exception for "evidence [that] could not reasonably
have been disclosed [five days before the hearing]" was
applicable to the disclosure at issue in this case, and Defendant
has not so argued.  N.J.A.C 1:6A-10.1(c).

[6] Even as it notes the clarity and purposes of the five-day
rule, the Court agrees with the ALJ in this case that there are
numerous reasons why practitioners should be reluctant to invoke
the exclusionary provisions of N.J.A.C 1:6A-10.1(c).  Not least

Defendant's motion for summary judgment as to its counterclaim.[7]

## III.  CONCLUSION

For the reasons discussed above, the Court will deny Defendant's motion for summary judgment.  The accompanying Order will be entered.

**September 10, 2008**                    **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          United States District Judge

_____

among these considerations would appear to be the animosity that its use could engender among practitioners in a highly specialized area of practice, and indeed, the Court notes its disappointment over the fact that the advocacy on both sides of this case, has, at times, spilled over into acrimony.

[7]  Upon the entry of summary judgment as to Defendant's counterclaim, the only matter remaining in this case appears to be Plaintiffs' motion for attorney's fees.  Plaintiffs should file a motion as to their claim for attorney's fees within twenty days of the entry of this Opinion and the accompanying Order, or the Court will dismiss that remaining claim for failure to prosecute.